| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |
|---|---|---|

**CASE NO.:** CV 15-06137 SJO (SHx)    **DATE:** September 15, 2015

**TITLE:** Peters v. Emeritus Corporation & Cynthia Edwards

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                Not Present
Courtroom Clerk                                 Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**              **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                     Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** [Docket No. 7]

This matter is before the Court on Plaintiff Fatmata Peters' ("Plaintiff") Motion to Remand ("Motion"), filed on August 24, 2015. Defendant Emeritus Corporation ("Emeritus") filed an Opposition to the Motion on August 31, 2015, and Plaintiff filed a Reply in Support of the Motion on September 7, 2015. The Court finds the matter suitable for disposition without oral argument and vacates the hearing set for September 21, 2015. *See* Fed. R. Civ. P. 78(b). For the following reasons, Plaintiff's Motion is **GRANTED**.

I.    FACTUAL AND PROCEDURAL BACKGROUND

The instant action was removed to this Court from Los Angeles Superior Court on August 13, 2015. (ECF No. 1.) Plaintiff alleges in her Complaint five causes of action against Emeritus[1] and a single cause of action—defamation—against Defendant Cynthia Edwards ("Edwards"). (Compl., ECF No. 1-1 at 20.) Plaintiff alleges she is a resident of Los Angeles, California. (Compl. ¶ 1.) Plaintiff likewise alleges Edwards is a resident of California. (Compl. ¶ 3.) Although Plaintiff alleges Emeritus is a "California Corporation" (Compl. ¶ 2), Plaintiff does not dispute Defendants' declaration that Emeritus was acquired by Brookdale Senior Inc., which "is incorporated under the laws of the State of Delaware" and which has its corporate headquarters in Tennessee. (Decl. of Liberty Stansberry in Support of Defs.' Notice of Removal ¶¶ 1-3, ECF No. 1-3.)

---

[1] Plaintiff alleges the following five causes of action against Emeritus: violation of Labor Code section 1102.5; association disability discrimination; retaliation; wrongful discharge in violation of public policy; and representative action pursuant to Labor Code section 2699 *et seq.* (*See generally* Compl., ECF No. 1-1 at 20.)

CIVIL MINUTES - GENERAL

CASE NO.:   CV 15-06137 SJO (SHx)                    DATE:  September 15, 2015

Plaintiff alleges the following in support of her claim that Edwards defamed her:  After Plaintiff complained to Human Resources that Emeritus was understaffed, she was told by Edwards that anyone who complained "would not last long" and that she "could not keep people who complain." (Compl. ¶¶ 16-17.)  Shortly thereafter, in July 2014, Edwards falsely told an unspecified group of Plaintiff's coworkers that Plaintiff had been abusing patients and encouraged these coworkers to confirm this lie.  (Compl. ¶ 18.)  After these coworkers refused to confirm this false allegation, Edwards falsely accused Plaintiff of stealing and searched her bag. (Compl. ¶ 19.)  Plaintiff was terminated shortly thereafter, on or about July 29, 2014.  (*Ibid.*)  After Plaintiff was terminated, Edwards falsely told others that Plaintiff was terminated for abusing patients.  (Compl. ¶ 20.)

II.     DISCUSSION

    A.     Legal Standard

A district court has removal jurisdiction pursuant to 28 U.S.C. section 1332 "where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).  Although federal law requires complete diversity of citizenship, one exception to this requirement is where a non-diverse defendant has been "fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* at 1067 (citing *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

A defendant cannot successfully prove fraudulent joinder by arguing either that a plaintiff will not prevail against the non-diverse defendant or that a plaintiff has not sufficiently alleged a claim against that defendant. *See Munoz v. Lab. Corp. of America*, No. CV 15-902-GW, 2015 WL 4507104 (C.D. Cal. July 23, 2015).  Instead, a defendant must provide "clear and convincing evidence" that a plaintiff cannot succeed against the non-diverse defendant. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).  "Even where presently deficiently pled, where Plaintiffs may amend that claim to cure any arguable defects, it may not be said that it is impossible for them to state a claim against [a non-diverse defendant]." *Munoz*, 2015 WL 4507104, at *1.

To succeed on a claim for defamation, a plaintiff must prove that a defendant:  (1) intentionally published a statement of fact; (2) that is false; (3) that is unprivileged; and (4) that has a natural tendency to injure or causes special damages. *Smith v. Maldonado*, 72 Cal. App. 4th 637, 645-46 (1999).  Moreover, a plaintiff must allege "that the information was 'false' or 'furnished with malice or willful intent to injure.'" *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1168 (9th Cir. 2009).

    B.     Analysis

| | | |
|---|---|---|
| JS-6 | **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA**<br><br>**CIVIL MINUTES - GENERAL** | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |

**CASE NO.:** CV 15-06137 SJO (SHx)          **DATE:** September 15, 2015

Defendant Emeritus argues that the Court has jurisdiction over this action because Plaintiff cannot sustain a claim against Defendant Edwards, the only non-diverse defendant, who it argues is a sham defendant only sued in order to defeat federal jurisdiction. Emeritus argues (1) that Plaintiff fails to state a claim for defamation against Edwards; (2) that the deficient allegations cannot be cured because Plaintiff lacks sufficient knowledge of the predicate facts of her claim; (3) that the alleged defamatory statements are not actionable as a matter of law because they are opinions; (4) that Plaintiff's allegations attempt to circumvent public policy; and (5) that Plaintiff's allegations are privileged and therefore not actionable. (Defs.' Opp'n to Mot.)

### 1. Failure to State a Claim for Defamation and Inability to Cure

Emeritus' principal argument is that the Complaint fails to state a claim of defamation, and that Plaintiff cannot cure any deficiencies therein because she lacks sufficient information to state a viable claim. In particular, Emeritus argues that because Plaintiff does not identify to whom the alleged defamatory statements were made, when the statements were spoken, or the context in which they were spoken, she has failed to make out a claim of defamation against Edwards.

Plaintiff responds that she has sufficiently pled a claim of defamation by alleging that Edwards stated to Plaintiff's colleagues, during and after July 2014, that Plaintiff abused elderly residents and stole from Emeritus. Although these allegations could contain more detail, the Court finds that any failure of Plaintiff to state a claim against Edwards is not "obvious" within the Ninth Circuit's application of that concept in its leading fraudulent joinder cases. Although Emeritus argues that Plaintiff's "refusal to amend" the Complaint is a result of her inability to do so because of her apparent admission that she was "not present when the multiple defamatory statements were made and . . . does not know the name of her coworkers that heard the statements" (Defs.' Opp'n to Mot at 4), these "shortcomings" do not indicate that Plaintiff is not entitled to relief. Fed. R. Civ. P. 8(a)(2). At the very least, Plaintiffs's apparent admission does not demonstrate an inability to adequately amend her complaint, perhaps by speaking with her former coworkers. Finally, the liberal pleading requirements of the Federal Rules of Civil Procedure become particularly important in a defamation case such as this, where Emeritus and Edwards can reasonably be assumed to have superior knowledge of the facts regarding the allegedly defamatory statements, including to whom the statements were made, when they were made, and in what context they were made. Emeritus has therefore failed to provide "clear and convincing evidence" that Plaintiff cannot succeed against the Edwards in its defamation claim. *Hamilton Materials*, 494 F.3d at 1206.

///
///

### 2. Statements of Opinion

| | | |
|---|---|---|
| JS-6 | **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA**<br><br>**CIVIL MINUTES - GENERAL** | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |

CASE NO.: <u>CV 15-06137 SJO (SHx)</u>　　　　　DATE: <u>September 15, 2015</u>

Statements of opinion are constitutionally protected, while statements of fact do not receive the same protection. *Rudnick v. McMillan*, 25 Cal. App. 4th 1183, 1191 (Cal. Ct. App. 1994). "California courts have developed a 'totality of the circumstances' test to determine whether an alleged defamatory statement is one of fact or of opinion." *Baker v. Los Angeles Herald Examiner*, 42 Cal. 3d 254, 260 (1986). The test examines both the language of the statement and the context in which the statement was made. *Id.* at 260–61.

In its opposition, Emeritus cites to numerous cases finding that allegedly defamatory statements were not actionable as a matter of law because they constitute opinions. (Defs.' Opp'n to Mot at 5.) These cases, however, all appear to involve "statements regarding an employee's performance." Plaintiff has alleged that Edwards told colleagues that she had been abusing elderly residents and that she stole from her employer. (Compl. ¶¶ 18, 55.) These alleged defamations are not opinions about Plaintiff's performance on the job, but rather are factual statements about Plaintiff's conduct. Accordingly, the Court does not find that the allegedly defamatory statements are opinions exempt from the realm of defamation law.[2]

　　　　3.　　Privilege

With respect to Emeritus' claim of privilege, California Civil Code section 47(c) provides a qualified privilege for

> a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information. This subdivision applies to and includes a communication concerning the job performance or qualifications of an applicant for employment, based upon credible evidence, made without malice, by a current or former employer of the applicant to, and upon request of, one whom the employer reasonably believes is a prospective employer of the applicant. This subdivision authorizes a current or former employer, or the employer's agent, to answer whether or not the employer would rehire a current or former employee. This subdivision shall not apply to a communication concerning the speech or activities of an applicant for employment

---

[2] The Court likewise rejects Emeritus' argument that the allegedly defamatory statements should be protected due to public policy considerations in favor of permitting employers to evaluate and report on employees' performance without fear of being sued. Although Emeritus couches the allegedly defamatory statements as solely related to Plaintiff's performance, the statements, if accepted as true, are lies manufactured by Edwards to corroborate the decision to fire Plaintiff and malign her reputation.

Case 2:15-cv-06137-SJO-AS   Document 11   Filed 09/15/15   Page 5 of 5   Page ID #:133

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.:   CV 15-06137 SJO (SHx)            DATE:   September 15, 2015

if the speech or activities are constitutionally protected, or otherwise protected by Section 527.3 of the Code of Civil Procedure or any other provision of law.

Cal. Civ. Code § 47(c); *see also Slaughter v. Friedman*, 32 Cal. 3d 149, 155–56 (1982). California courts have applied this statute to, for example, communications by an employer to its employees regarding alleged misconduct by a fellow employee, in order to explain the reasons for that employee's termination and thus preserve employee morale. *See Deaile v. Gen'l Telephone Co. of Cal.*, 40 Cal. App.3d 841 (1974).

The privilege embodies a two-step analysis, under which the defendant bears the initial burden of demonstrating that the allegedly defamatory communication was made upon a privileged occasion, and the plaintiff then bears the burden of proving that defendant had made the statement with malice. *Lundquist v. Reusser*, 7 Cal. 4th 1193, 1208 (1994). "Malice necessary to prevent application of the qualified privilege may be alleged by pleading that the publication was motivated by hatred or ill will toward the plaintiff." *Kelly v. Gen'l Tel. Co.*, 136 Cal. App. 3d 278, 285 (1982). "A general allegation of malice will not suffice; plaintiff must allege detailed facts showing defendant's ill will towards him." *Robomatic, Inc. v. Vetco Offshore*, 225 Cal. App. 3d 270, 276 (1990). "[M]alice is not inferred from the communication." Cal. Civ. Code § 48.

Emeritus has satisfied the first step by pointing to allegations in Plaintiff's complaint that Edwards' allegedly defamatory statements were made to Plaintiff's colleagues. (Compl. ¶ 55.) With respect to malice, Plaintiff has pled that Edwards stated to her that anyone who complained "would not last long" and that she "could not keep people who complain." (Compl. ¶¶ 16-17.) Moreover, Plaintiff has alleged that, in July 2014, Edwards falsely told an unspecified group of Plaintiff's coworkers that Plaintiff had been abusing patients and encouraged these coworkers to confirm this lie. (Compl. ¶ 18.) These allegations are not general recitations of malice; rather, they are detailed allegations showing an ill will toward her. *Accord. Robomatic*, 225 Cal. App. 3d at 276. At the very least, the Court finds that Plaintiff has alleged malice in a sufficiently particular way as to support remand. Plaintiff alleges Edwards made these statements with malice (Compl. ¶ 60), explains the source of that malice, and cites additional statements beyond the allegedly defamatory statements as evidence that the allegedly defamatory statements were actually stated with malice.

III.   RULING

Plaintiff's Motion to Remand is **GRANTED**. The Court further orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

IT IS SO ORDERED.